NO. 07-10-00073-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 20, 2010

TEDRICK WATTERS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A17719-0808; HONORABLE EDWARD LEE SELF, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Tedrick Watters appeals the revocation of his community supervision. We will abate the appeal and remand the case to the trial court for proceedings consistent with this order.

The following facts drawn from the clerk's record and our record are pertinent to this order. Trial counsel was appointed for appellant on a finding of indigence on January 20, 2010. Counsel filed a notice of appearance on January 29. Appellant's sentence was imposed February 12, 2010. The trial court certified the case was a plea

bargain and appellant had no right of appeal except as to the revocation order. The record contains no order relieving counsel of her duties.[1] Appellant filed a *pro se* notice of appeal on March 1. According to the trial court clerk's information form, appellant is "unable to pay costs on appeal" but the form further indicates appellant appears *pro se.*[2] The clerk's record was filed April 14. We note from our record that appellant has not filed the docketing statement required by Rule of Appellate Procedure 32.2 despite notice from the clerk of this court. On April 12, the reporter filed a request for extension of time to file the reporter's record on the grounds that appellant has not submitted a request for preparation or written designation for the record and has not made arrangements to pay for the record.

We now abate the appeal and remand the case to the trial court for further proceedings.

On remand, the trial court is directed to immediately notice and conduct a hearing to determine:

1. whether good cause exists to relieve appointed counsel of her duties;

2. whether appellant still wishes to pursue this appeal;

3. whether appellant is indigent;

---

[1] By accepting appointment to represent an indigent defendant, counsel undertakes the duty to represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or counsel is relieved of her duties by the court or replaced by other counsel after a finding of good cause is entered on the record. Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2009).

[2] The form does not indicate whether the inability to pay costs was a finding of the trial court or an assertion of appellant.

4.  whether appellant has retained counsel to prosecute this appeal; and

5.  if appellant is indigent, whether he is entitled to appointed counsel on appeal and a free appellate record.

We further direct the trial court to issue findings of fact and conclusions of law addressing the subjects numerically itemized above.  If, on a finding of good cause, the trial court relieves counsel of her duties, finds appellant desires to pursue his appeal, finds appellant is without legal representation, and finds appellant is indigent, then we direct the trial court to appoint counsel to assist in the prosecution of the appeal and to order a record of the trial court proceedings be provided to appellant free of charge. The name, address, telephone number, telefax number, and state bar number of the counsel who will represent appellant on appeal must also be included in the trial court's findings of fact and conclusions of law.  Furthermore, the trial court shall cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders of the trial court issued as a result of its hearing on this matter and 2) a reporter's record transcribing the evidence and argument presented at the hearing on this matter.  Additionally, the trial court shall cause the supplemental record to be filed with the clerk of this court on or before May 21, 2010.  Should additional time be needed to perform these tasks, the trial court may request same on or before May 21, 2010.

If the trial court finds appellant desires to pursue his appeal and is entitled to a free record on appeal, the reporter's record shall be filed with the clerk of this court within thirty days of the date the supplemental record directed by this order is filed.

3

Should the trial court find appellant desires to pursue his appeal but is not entitled to a free record, the reporter's record shall be filed with the clerk of this court within thirty days of the date the supplemental record directed by this order is filed, subject, however, to appellant's compliance with the requirements of Rule of Appellate Procedure 35.3.  Tex. R. App. P. 35.3.  Additional deadlines shall fall in accordance with the appellate rules.  *See* Tex. R. App. P. 38.6.

It is so ordered.


Per Curiam

Do not publish.